**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **LAMBERT QUINTIN JACKSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:08CV555-DJS |
| ) | |
| **INTERNAL REVENUE SERVICE and** ) | |
| **MISSOURI DEPARTMENT OF FAMILY** ) | |
| **SERVICES,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pro se plaintiff Lambert Quintin Jackson filed the instant action complaining that the defendant Internal Revenue Service ("IRS") has wrongfully rejected his claim to a tax deduction for a dependent child.[1] Now before the Court is the IRS's motion for summary judgment. Plaintiff has failed to file any opposition to the motion, and thereby failed to dispute any of the material facts alleged by the IRS and supported by citation to evidence of record.

In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the movant to establish both the absence of a genuine issue of material

---

[1] Claims against defendant Missouri Department of Family Services were dismissed by order and partial judgment of July 14, 2008 [Docs. #9 & #10].

fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed.R.Civ.P. 56(e).  See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2739 (1983).

The Supreme Court has indicated that: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).  Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586.  "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'."  Id. at 587.

The IRS has met its burden and plaintiff has failed to meet his.  The Court readily concludes that the IRS is entitled to judgment as a matter of law for all the reasons set forth in its memorandum.  These include that, other than as to tax years 1995

2

and 1996, the Court lacks subject matter jurisdiction to grant any tax refund. Plaintiff's failure to timely file claims for any such refunds with the IRS results in the government's sovereign immunity from suit. As for 1995 and 1996, the government demonstrates that plaintiff may not claim a dependent exemption for his daughter, cannot claim Head of Household status, and cannot claim an Earned Income Tax Credit. Finally, neither declaratory nor injunctive relief is available to plaintiff in this tax matter.

In addition, plaintiff was ordered to show cause why his remaining claims should not be dismissed for failure to prosecute in view of plaintiff's failure to timely provide to opposing counsel the disclosures required by the Court's Case Management Order and his reported failure to keep the Court and opposing counsel apprised of his current mailing address. <u>See</u> Order of November 25, 2008 [Doc. #15]. Plaintiff failed to respond to the order, though it warned that his failure to timely comply might result in the dismissal of the action.

For all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Internal Revenue Service's motion for summary judgment [Doc. #16] is granted.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this order and of the accompanying judgment to plaintiff's address of record and to the following address: Lambert Quintin Jackson, 1850 Russell Ave, Apt. A, St. Louis MO 63104.

Dated this ____15th_____ day of June, 2009.

                                             /s/ Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE